An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF LOREN C. DATLOF, BAR NO. 10331.

No. 67882

FILED

DEC 02 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### ORDER APPROVING AMENDED CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, an amended conditional guilty plea agreement in exchange for a stated form of discipline for attorney Loren C. Datlof. Under the agreement, Datlof admitted to seven violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 8.1(b) (bar admission and disciplinary matters), and a violation of RPC 5.3 (responsibilities regarding nonlawyer assistants).

The agreement provides for a one-year suspension that shall be stayed subject to Datlof's successful completion of a three-year probation and monitoring period. The conditions of the probation include the following: (a) a mentoring agreement; (b) completion of additional continuing legal education (CLE) in the areas of law office management and/or ethics—ten additional hours the first year, eight additional hours the second year, and five additional hours the third year;[1] (c) yearly medical evaluations of his continuing health and fitness to practice law;

_____

[1]These hours are in addition to the annual CLE requirements under SCR 210.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-36726

(d) full restitution of the fees collected from the clients named in the complaint for a total of $17,075.00; (e) participation in and agreement to binding arbitration in any fee dispute matters filed during the probationary period; (f) any new grievance determined to rise to a level warranting discipline will be considered a violation of probation; and (g) any future failure to respond to the State Bar will result in a recommendation that the stayed suspension be imposed. The agreement also provides for a public reprimand upon successful completion of probation and for Datlof to the pay the costs of the disciplinary proceedings (excluding bar counsel and staff salaries).

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). In determining the appropriate discipline, this court has considered four factors to be weighed: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Considering these factors, we agree that a suspension is appropriate. *See* ABA Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (2015) (indicating that suspension is appropriate for lack of diligence where "lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client" or "engages in a pattern of neglect and causes injury or potential injury to a client"); *id.* Standard 7.2 (indicating that suspension is appropriate for violations of duties owed as a professional where "lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). Further, considering the aggravating factors (multiple offenses

and vulnerable victims) and mitigating factors (free and full disclosure and cooperative attitude, inexperience in the practice of law, physical disability, interim rehabilitation, and remorse) found by the hearing panel, we also agree that the suspension should be stayed provided that Datlof successfully completes a probationary period.

We hereby impose a one-year suspension. The suspension shall be stayed subject to Datlof successfully completing a three-year probationary period subject to the conditions set forth above. The probationary period shall commence upon entry of this order. Datloff must comply with all of the conditions in the plea agreement, as outlined above, and shall pay the costs of the disciplinary proceedings, excluding bar counsel and staff salaries, within 30 days of receipt of the State Bar's bill of costs. *See* SCR 120. If Datlof successfully completes the probationary period, the State Bar shall issue the public reprimand attached to the amended conditional guilty plea agreement.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                   Cherry

_____, J.          _____, J.
Gibbons                       Pickering

DOUGLAS and SAITTA, JJ., dissenting:

We dissent because, having considered the relevant factors, we are not convinced that a stayed suspension is sufficient to protect the public. We therefore would reject the amended conditional guilty plea agreement and remand for further proceedings.

_____, J.
Douglas

_____, J.
Saitta

cc: Chair, Southern Nevada Disciplinary Board
Loren C. Datlof
Stan Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, United States Supreme Court